**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KEVIN T. GONTER** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:26-cv-02155-RC** |
| | ) | |
| **PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, *et al.*** | ) | |
| | ) | |
| ***Defendants.*** | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LIMITED PRODUCTION OF ORIGINAL SIGNED HANDBOOK ACKNOWLEDGMENTS AND RELATED RECORDS AND TO DEFER RULING ON DEFENDANTS' MOTION TO DISMISS**

Defendants filed their November 17, 2026 Opposition to Plaintiff Kevin T. Gonter's Motion for Limited Production of Original Signed Handbook Acknowledgments and Related Records and to Defer Ruling on Defendants' Motion to Dismiss. Defs.' Opp. at 1–5. Their Opposition relies for the first time on a one-page acknowledgment bearing a February 20, 2015 electronic-signature notation and a declaration about general handbook-notification practices. Id., Exs. 1–2. Defendants confuse the existence of at-will language on that page with whether they have defeated Plaintiff's specific and narrowly confined request for underlying records and the relevant handbook editions. The new exhibits do not establish the propositions Defendants ask the Court to treat as conclusively resolved, and their arguments for dismissal of Counts I and II do not dispose of ECF No. 17. The Court should REJECT Defendants' Opposition and GRANT Plaintiff's Motion.

The record shows why this motion was necessary. On July 15, 2026, Defendants sought dismissal on the basis of excerpts from a handbook marked 'Updated June 17, 2026,' although Mr. Gonter's employment ended April 29, 2026. ECF Nos. 6-2 at 6–8, 6-3 at 2, 7–12. The Court identified this chronology and ordered Defendants to submit every handbook version in effect

from January 2025 through May 2026. Oct. 23, 2026 Minute Order. Defendants then filed the earlier manual and Ms. LeDuff's declaration, ECF Nos. 16-1 and 16-2, and only with this Opposition introduced the 2015 acknowledgment. The Court's prior concern was grounded in the materials Defendants elected to submit. Their attempt to turn Plaintiff's resulting, focused production request into an allegation of delay should be rejected.

## ARGUMENT

### I. THE 2015 ACKNOWLEDGMENT IS NOT THE COMPLETE ELECTRONIC RECORD OR THE HANDBOOK IT PURPORTS TO ACKNOWLEDGE

Defendants' Exhibit 1 bears Mr. Gonter's printed name, an Ultimate Software marking, and the notation 'Digitally Signed By: Kevin T Gonter on 2/20/2015.' Defs.' Opp., Ex. 1 at 1. It recites at-will and modification-of-policy language. But the document before the Court is one reproduced acknowledgment page, not the original electronically executed record sought by the Motion, and it does not identify or include the actual handbook version purportedly acknowledged. ECF No. 17 at 3, 5–6. Defendants cannot turn a single page bearing a 2015 date into conclusive evidence of the contents of a handbook issued years later. The exhibit does not answer the distinct production relief requested.

The acknowledgment itself contains no date or edition identifier for the manual it describes. Defs.' Opp., Ex. 1 at 1. The earlier manual Defendants filed is identified as a 2024 manual used beginning in March 2024, nearly nine years after the electronic-signature notation. ECF No. 16-1 ¶¶ 4–5; ECF No. 16-2 at 1. The forms also are not word-for-word identical: the 2024 acknowledgment adds a parenthetical exception for Board Members and their personal staff in its at-will paragraph, which does not appear in the submitted 2015 form. Compare Defs.' Opp., Ex. 1 at 1, with ECF No. 16-2 at 105. These are distinct historical documents, not interchangeable proof of every edition's contents.

Defendants treat the 2015 reservation-of-rights sentence as sufficient to establish the scope of all later handbooks and to foreclose Plaintiff's request. Defs.' Opp. at 3 n.3, 4–5. That conclusion does not follow. The power to revise a policy does not identify the text of a particular historical edition. Defendants cite *Youngblood v. Vistronix, Inc.*, No. 05-21 (RCL), 2006 WL 2092636 (D.D.C. July 27, 2006), but that court resolved an employment-contract dispute on partial summary judgment; it did not decide whether the limited employee records identified here should be produced. The 2015 page establishes what appears on its face, not the contents of handbooks issued years later. Defendants' merits authority therefore furnishes no basis to deny ECF No. 17.

## II. THE GENERAL 2024 NOTICE DECLARATION DOES NOT ESTABLISH A 2024 ACKNOWLEDGMENT BY MR. GONTER

Defendants assert that '[l]ike every other PCAOB employee,' Mr. Gonter received notice of the revised EPPM. Defs.' Opp. at 4 n.5. The November 17 LeDuff declaration describes only a general practice: updated versions were posted to the intranet and employees 'would also receive email reminders,' including in 2024. Defs.' Opp., Ex. 2 ¶ 4. That description is not testimony that Mr. Gonter signed a 2024 acknowledgment, nor does it establish what specific handbook he personally acknowledged. The Opposition improperly substitutes an assertion about ordinary workplace practices for proof of an individual act and then treats the substituted assertion as conclusive. The Court should reject that inference.

Ms. LeDuff's October 28 declaration states that the 2024 manual was distributed to new employees beginning in March 2024. ECF No. 16-1 ¶¶ 4–5. Defendants' own dismissal brief states that Mr. Gonter began work in February 2015. ECF No. 6-2 at 1. Accordingly, a statement about distribution to new employees in 2024 does not establish Mr. Gonter's personal acknowledgment of that manual. Defendants now characterize counsel's earlier June 2024 date as a typographical error. Defs.' Opp. at 3 n.4. Counsel's characterization does not establish which

version Mr. Gonter personally acknowledged. Defendants' Opposition therefore does not rebut the reason for the limited production sought.

## III. DEFENDANTS CANNOT DISMISS THE SIGNIFICANCE OF THE INCOMPLETE JUNE 2026 EXHIBIT THEY ELECTED TO FILE

Defendants assert that the 2024 EPPM is the only relevant version and imply that the Court already rejected any significance of the June 2026 manual. Defs.' Opp. at 2–3 & n.4. The October 23 Minute Order says otherwise: it specifically noted that Defendants' original handbook exhibit was dated June 17, 2026, after the events alleged in the Complaint, and required production of manuals effective during January 2025–May 2026. Nothing in that order held that Defendants' selected June 2026 pages proved the contents of the entire revised manual or that the original exhibit's completeness was beyond dispute. Defendants' characterization of the Order is not a basis to deny ECF No. 17.

ECF No. 6-3 consists of twelve PDF pages drawn from a June 2026 handbook whose internal table of contents extends through page 110. ECF No. 6-3 at 1–12. It contains a blank acknowledgment form on printed page 110, but not the intervening anti-retaliation, disability, and leave policies referenced in its own table of contents. Id. at 3–5, 12. The earlier handbook includes these policies at printed pages 22, 47, and 58. ECF No. 16-2 at 22, 47, 58. Defendants' recital that selected disclaimer sentences are alike, Defs.' Opp. at 3–4, does not establish that the omitted portions of the June 2026 manual are alike. Plaintiff does not argue that a June 2026 policy governed his April 2026 termination; he opposes Defendants' attempt to use their own incomplete exhibit as a reason to reject the complete-document request in ECF No. 17.

## IV. DEFENDANTS' NEW EXHIBITS DO NOT RESOLVE DISPUTED FACTS UNDER RULE 12(b)(6)

Defendants use the newly submitted 2015 form and November 17 declaration to assert that Counts I and II must fail. Defs.' Opp. at 2–5. But ECF No. 17 seeks limited production and a

brief deferral, not adjudication of the underlying dismissal motion on Defendants' new evidentiary narrative. Defendants did not submit either exhibit with their July 15 dismissal motion. ECF Nos. 6, 6-3. Consideration of an exhibit in assessing a discovery request is not acceptance of every factual assertion associated with that exhibit for purposes of deciding the separate Rule 12(b)(6) motion. Defendants' effort to collapse these separate inquiries is legally unsound.

A Rule 12(b)(6) motion tests whether the complaint states a claim, with well-pleaded facts and reasonable inferences considered in Plaintiff's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1128–29 (D.C. Cir. 2015). A document incorporated by reference may establish what it incontestably shows, but a plaintiff does not thereby adopt every disputed factual assertion contained in or attributed to it. *Id.* at 1133–34. Thus, references to handbook policies do not establish Defendants' separate assertions about the edition acknowledged in 2015, the contents of later editions, or Mr. Gonter's individualized acknowledgment of a subsequent handbook. Those disputed inferences cannot be resolved against Plaintiff merely because Defendants attached a new acknowledgment and a general-practices declaration to their discovery opposition.

Consideration of the exhibits for the present production request does not make Defendants' extra-pleading narrative dispositive of their separate Rule 12(b)(6) motion. The D.C. Circuit has rejected using defendant-submitted documents to resolve disputed facts outside the complaint when ruling on a motion to dismiss. *Hurd v. District of Columbia*, 864 F.3d 671, 686–88 (D.C. Cir. 2017); *Kim v. United States*, 632 F.3d 713, 719–20 (D.C. Cir. 2011). *Hurd* specifically distinguishes a document's authenticity from acceptance of the factual account Defendants seek to derive from it. 864 F.3d at 687–88. The new acknowledgment and general-notice declaration accordingly do not establish Defendants' individualized factual assertions for

purposes of disposing of ECF No. 6. The Court should reject Defendants' attempt to treat those assertions as conclusive, grant ECF No. 17, and defer ruling on ECF No. 6 as Plaintiff has requested.

And Defendants' discussion of the common-law contract counts does not answer Plaintiff's separate statutory claims. The 2024 handbook's own at-will provision speaks of termination 'for any lawful reason, or for no reason'; it says nothing authorizing prohibited retaliation or interference with statutory leave rights. ECF No. 16-2 at 8; see also id. at 22, 58 (anti-retaliation and D.C. family-and-medical-leave policies). The disclaimer's ultimate legal effect on Counts I and II therefore does not make the requested handbook evidence irrelevant to the litigation as a whole.

## V. PLAINTIFF SATISFIES RULE 26'S RELEVANCE AND PROPORTIONALITY REQUIREMENTS

Federal Rule of Civil Procedure 26(d)(1) permits discovery before the Rule 26(f) conference when authorized by court order. Rules 26(b)(1) and 34(a)(1)(A) govern the relevance, proportionality, and production of identified documents and electronically stored information; Rule 26(b)(1) does not require that discoverable material itself be admissible at trial. The D.C. Circuit applies Rule 26's limits to early discovery and rejects denying otherwise proper discovery solely because the plaintiff may not ultimately prevail. *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207–08, 1211 (D.C. Cir. 2020). *Goodwin v. District of Columbia*, No. 21-cv-806 (BAH), 2021 WL 1978795, at *3–7 (D.D.C. May 18, 2021), applied relevance and proportionality principles in granting a defined request for early discovery. Although those decisions arose in different factual circumstances, the governing Rule 26 analysis remains applicable here. Defendants' merits arguments are no substitute for that analysis.

Plaintiff's requests are narrowly defined: his own executed acknowledgments, the handbook edition operative upon hiring and any edition he personally acknowledged thereafter,

the complete June 2026 handbook excerpted by Defendants, and contemporaneous issuance records for the handbook used during the period identified in the Court's October 23 Order. ECF No. 17 at 3–6. Each category is tied to a document Defendants placed at issue. Plaintiff seeks neither general employment discovery nor unrelated employee files. The Opposition instead relies on the anticipated success of the dismissal motion and attacks Plaintiff's motives; it supplies no persuasive proportionality analysis that outweighs the direct relevance, limited scope, and Defendants' superior access to the documents. Defendants' request for outright denial is unsupported by the governing Rule 26 factors and should be rejected.

The need for this limited production before disposition is concrete. Defendants seek dismissal of the common-law counts by invoking handbook disclaimers and Mr. Gonter's purported acknowledgment, yet the documents Defendants have chosen to submit leave unresolved which handbook the 2015 form accompanied and whether Mr. Gonter personally acknowledged the operative 2024 edition. ECF No. 6-2 at 6–8; Defs.' Opp., Ex. 1 at 1, Ex. 2 ¶ 4. Defendants originally relied on excerpts from a handbook dated after his separation, prompting the Court's October 23 Order. ECF No. 6-3 at 2; Oct. 23, 2026 Minute Order. The requested records therefore bear directly on the factual and temporal premises of the documentary defense Defendants have advanced. These specific records are within Defendants' control, concern Plaintiff rather than third parties, and are requested on a fourteen-day schedule with only limited supplemental briefing. The importance of identifying the actual documents underlying Defendants' argument outweighs the modest burden of this confined production. Plaintiff does not seek open-ended merits discovery or delay adjudication of any issue the Court can resolve on the pleadings alone.

## VI. ACCUSATIONS OF DELAY DO NOT DEFEAT THE MOTION, AND THE COURT SHOULD DEFER RULING PENDING THE REQUESTED LIMITED PRODUCTION

Defendants describe Plaintiff's request as 'obfuscation' and point to earlier motions to amend and stay. Defs.' Opp. at 1, 5. These characterizations do not decide the Rule 26 question and do not answer the specific relief requested in ECF No. 17. The Court itself identified the temporal defect in Defendants' original dismissal exhibit and ordered a targeted production on October 23, 2026. ECF No. 6-3 at 2; Oct. 23, 2026 Minute Order. Plaintiff's Motion follows from that procedural record and seeks a defined group of documents. *Strike 3 Holdings,* 964 F.3d at 1212–13, rejects substituting unsupported assumptions about litigation motives for proper analysis of a discovery request. The Opposition's rhetoric furnishes no basis for denying the Motion.

Plaintiff's requested relief is finite: production within fourteen days followed by limited supplemental briefing before a ruling on ECF No. 6. ECF No. 17 at 5–6. Defendants characterize this as indefinite delay despite the specified deadlines and the direct relationship between the records and the documentary issues Defendants themselves raised. Defs.' Opp. at 1, 5. Their proposed order denying ECF No. 17 would prematurely foreclose that focused process without meeting the legal objections Plaintiff has raised. The Court should reject that proposed denial, GRANT ECF No. 17, and defer ruling on ECF No. 6 as requested.

## CONCLUSION

Defendants' Opposition relies on a newly introduced 2015 acknowledgment, a declaration describing general notification practices, selected handbook excerpts, and assertions about the ultimate merits of Counts I and II. None answers the narrow issues presented by Plaintiff's Motion or justifies denial under Rule 26. Plaintiff respectfully requests that the Court REJECT Defendants' Opposition, GRANT Plaintiff's Motion (ECF No. 17), order the specified limited

inspection and production, defer ruling on Defendants' Motion to Dismiss (ECF No. 6), and allow the limited supplemental briefing requested in ECF No. 17.

Dated: November 25, 2026

Respectfully submitted,

*/s/ David A. Branch*

David A. Branch
D.C. Bar No. 438764
Law Office of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Telephone: (202) 785-2805
davidbranch@dbranchlaw.com

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2026, I served the foregoing Plaintiff's Reply in Support of His Motion for Limited Production of Original Signed Handbook Acknowledgments and Related Records and to Defer Ruling on Defendants' Motion to Dismiss upon counsel of record through the Court's CM/ECF electronic filing and service system:

Michael J. Lorenger
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
mlorenger@lorengercarnell.com

*/s/ David A. Branch*

David A. Branch